UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

CHRISTOPHER M MOORE #541841     CIVIL ACTION NO. 22-cv-5310

VERSUS     JUDGE TERRY A. DOUGHTY

MEDICAL STAFF OF BOSSIER MAX ET AL     MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

Christopher M. Moore ("Plaintiff") is a self-represented inmate who filed this civil action against several defendants based on allegations of improper medical care while he was housed as a pretrial detainee at the Bossier Maximum Security facility. The court previously dismissed claims against Dr. Lakoco for failure to prosecute; it also dismissed the claims against Medical Staff of Bossier Max and Any Other Nursing Staff because they are not legal entities capable of being sued. Doc. 19.

Before the court are two motions filed by the three remaining defendants. Lt. Anthony Evans has filed a Motion for Summary Judgment (Doc. 23) that seeks dismissal of all claims against him. Nurses Molli Lyles and Jennifer Johnson have filed a Motion to Dismiss (Doc. 15), which was converted to a motion for summary judgment (Doc. 19), that asks for the dismissal of state law claims against them for failure of Plaintiff to first exhaust the claims through the Louisiana medical malpractice review process. For the reasons that follow, it is recommended that both motions be granted, which will leave only the federal claims against Nurses Lyles and Johnson.

**Plaintiff's Complaint**

Plaintiff alleges that, on July 29, 2022, he was an inmate worker in the kitchen at Bossier Max when boiling water ended up inside his rubber boot. Plaintiff alleges that it was the worst pain he ever experienced, and when his sock was removed the skin on his foot came off with it.

Nurse Jennifer Johnson was one of the persons who showed up to address the situation. Plaintiff alleges that, after Johnson took him to the infirmary by wheelchair, she put him in a bathtub and ran cool tap water onto the wound. He complains that this exposed him to bacteria that may have caused an infection that later developed. He contends that sterile techniques should have been the protocol from the beginning of treatment.

Plaintiff writes that medical staff applied Silvadene cream and bandages. He asked multiple times to be taken to the hospital, but Nurse Johnson allegedly responded that they would keep him at the jail and see what the physician ordered when he arrived later that morning. Plaintiff was given Tylenol packets and taken back to his cell.

Plaintiff alleges that his leg swelled to double size, but the jail physician refused to send him to the hospital. On August 2, 2022, he allegedly awoke unable to breathe due to chest pains. An ambulance and paramedics were called, and a decision was made to take Plaintiff to the hospital. Plaintiff alleges that, at the hospital, he was diagnosed with cellulitis and extreme infection in his leg that had suffered second-degree burns. He received morphine and Percocet pain killers, was prescribed two weeks of antibiotics, and was kept in the hospital for 16 days.

Plaintiff was eventually returned to the jail, and he states that his wound healed. He filed a grievance, and the response from jail officials is attached to his complaint. The response asserted that Plaintiff admitted to making a false claim of chest pain to be sent to the hospital. On arrival, he was given Vancomycin by IV, had a reaction to the medication, and developed nephrotoxicity and had to be hospitalized for two weeks due to that condition. The response also described Plaintiff's initial injury as self-inflicted.

**Lt. Anthony Evans**

    **A. Relevant Facts**

Plaintiff's allegations against Lt. Evans are based on an incident that happened shortly after the accident. When Plaintiff was not sent to the hospital, he placed a video call to his family to complain that he was not receiving proper care. Plaintiff alleges that Lt. Evans and another deputy entered his cell and asked him what he thought he was doing calling his family and complaining about inadequate medical care. Evans allegedly said that he was not going to have Plaintiff's family calling up there making a fuss about the situation.

This was the setting for Plaintiff's claim against Lt. Evans. Plaintiff alleges that when Evans entered the cell he saw a Pop-Tarts wrapper in the toilet and demanded that Plaintiff remove it, saying, "I don't care how you get it, but you will get that out of my toilet." Plaintiff alleged that, after the deputies left his cell, he complied by grabbing the wrapper out of the toilet with his bare hands. He describes the wrapper incident as unsanitary and "a total abuse of power."

Lt. Evans represents in his Statement of Uncontested Facts that all medical services to pretrial detainees are provided by Bossier Parish Police Jury personnel. Those staffers are not employees of the sheriff and do not take directions from the sheriff. Warden Linton Jacobs states in an affidavit that, at all times relevant to Plaintiff's claims, the police jury medical staff dictated guidelines for medical treatment, which Jacobs followed. Lt. Evans states in his own affidavit that he did direct Plaintiff to remove the Pop-Tarts wrapper "because flushing anything other than toilet tissue causes plumbing problems at the facility, and at the time of the incident, such problems occurred frequently." Plaintiff filed a grievance related to the wrapper removal, and the administration responded that the complaint was unfounded because Plaintiff was told to remove the wrapper from the toilet, but he was not told to use his hands.

### B. Rights of Pretrial Detainees

"The Fourteenth Amendment guarantees pretrial detainees a right 'not to have their serious medical needs met with deliberate indifference on the part of the confining officials.'" Dyer v. Houston, 964 F.3d 374, 380 (5th Cir. 2020), quoting Thompson v. Upshur Cty., Tex., 245 F.3d 447, 457 (5th Cir. 2001). See also Williams v. City of Yazoo, 41 F.4th 416, 423 (5th Cir. 2022). To succeed on a deliberate-indifference claim, a plaintiff must show that (1) the official was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," and (2) the official actually drew that inference. Domino v. Tex. Dep't of Criminal Justice, 239 F.3d 752, 755 (5th Cir. 2001). "Deliberate indifference is an extremely high standard to meet." Id. at 756.

### C. Analysis

Summary judgment for Evans is appropriate if he "shows that there is no genuine dispute as to any material fact" and that he "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When the moving party makes such a showing, "[t]he non-moving party must then come forward with specific facts showing there is a genuine issue for trial." Washburn v. Harvey, 504 F.3d 505, 508 (5th Cir. 2007). The court will "review evidence in the light most favorable to the nonmoving party, but conclusional allegations and unsubstantiated assertions may not be relied on as evidence by the nonmoving party." Carnaby v. City of Houston, 636 F.3d 183, 187 (5th Cir. 2011).

Plaintiff did not file any opposition to Lt. Evans' motion, so there is no competing summary judgment evidence. Evans admits that he ordered Plaintiff to remove the wrapper from the toilet due to concerns about plumbing issues, which would be reasonable. There is no evidence that Evans ordered Plaintiff to use his hands to remove the wrapper. Plaintiff's complaint even quotes Evans as saying he did not care how Plaintiff removed it. There is no indication that Plaintiff suffered any harm from his decision to use his hands to remove the wrapper. Given these facts, it cannot be said that Evans' order amounted to deliberate indifference to a serious medical need. He is entitled to summary judgment with respect to all claims against him.

**Nurses Lyles and Johnson**

The Louisiana Medical Malpractice Act provides that no action against a healthcare provider may be commenced in court before the claimant's claim has been presented to a medical review panel and the panel has rendered its expert opinion on the merits of the

complaint. Generally, a plaintiff's suit must be dismissed without prejudice if he fails to satisfy the exhaustion requirement before filing suit. Flagg v. Stryker Corp., 819 F.3d 132, 137-38 (5th Cir. 2016) (en banc).

The nurses assert that they are qualified healthcare providers covered by that law. In support, their only evidence is two certificates issued by the Patient's Compensation Fund that reflect that the Bossier Parish Police Jury Prison Medical Services was enrolled as a provider under the Act between August 2021 and August 2023. They do not submit affidavits or other evidence that they are employed by that enrollee, and Plaintiff did not make such allegations in his complaint.

Fortunately, Lt. Evans' motion includes an affidavit that at least implies that the nurses were employed by the police jury, and the court is aware from detailed declarations filed in a recent case that the nurses on the medical staff at the jail are police jury employees. See Robinson v. Julian Whittington, 21-cv-4432, Doc. 79. The court has also located authority holding that medical personnel provided by a parish police jury to work at a parish jail may fall under the Medical Malpractice Act so that claims against them require exhaustion of administrative remedies. Poe v. Fuller, 2019 WL 13257719, *4 (W.D. La. 2019) (Foote, J.); Vanderhoff v. Beary, 853 So.2d 752 (La. App. 4th Cir. 2003).

Nurses Lyles and Johnson note that Plaintiff purports to make claims against them under 42 U.S.C. § 1983, but he also makes specific allegations of negligence and gross negligence. Those state law negligence claims all relate to his medical treatment, so the claims fall within the scope of the Medical Malpractice Act under the factors set forth in

Coleman v. Deno, 813 So.2d 303, 315-16 (La. 2002). Counsel for the nurses represent that Plaintiff has not properly initiated a medical malpractice claim against either nurse.

Plaintiff filed a motion for extension of time (Doc. 21) to oppose the nurses' motion. He represented that a medical review board was ordered to review his case but had not had time to determine whether the nurses were at fault. Plaintiff stated that he would "no longer be pro se" and needed a small extension of time to get all the information to his attorney. The court granted him an additional month to file an opposition to the motion to dismiss, but nothing was filed, and no attorney has enrolled.

The nurses have made a prima facie showing that they are qualified healthcare providers under the Medical Malpractice Act and that Plaintiff was obligated to commence and complete a medical review panel proceeding with respect to his negligence/malpractice claims against them before filing suit. Plaintiff has not presented any evidence that such a proceeding has been completed. Accordingly, the nurses are entitled to dismissal without prejudice of all state law claims against them. The only remaining claims in this civil action should be the Section 1983 claims against the two nurses.

Accordingly,

It is recommended that Lt. Anthony Evans' Motion for Summary Judgment (Doc. 23) be granted and that all claims against Anthony Evans be dismissed with prejudice. It is further recommended that the Motion for Summary Judgment (Doc. 15) filed by Molli Lyles and Jennifer Johnson be granted and that all state law claims against those two defendants be dismissed without prejudice for failure to exhaust administrative remedies.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 28th day of June, 2023.

Mark L. Hornsby
U.S. Magistrate Judge