UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CHRISTOPHER M MOORE #541841 | CIVIL ACTION NO. 22-cv-5310 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| MEDICAL STAFF OF BOSSIER MAX ET AL | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

**Introduction**

Christopher M. Moore ("Plaintiff") is a self-represented inmate who filed this civil action against several defendants based on allegations of improper medical care while he was housed as a pretrial detainee at the Bossier Maximum Security facility. The court previously dismissed (1) the claims against Dr. Lakoco (Lococo) for failure to prosecute; (2) the claims against Medical Staff of Bossier Max and Any Other Nursing Staff because they are not legal entities capable of being sued; (3) the claims against Lt. Anthony Evans based on his motion for summary judgment; and (4) the state-law medical malpractice claims against Nurses Molli Lyles and Jennifer Johnson for failure of Plaintiff to first exhaust the claims through the Louisiana medical malpractice review process. Docs. 19, 25 & 26.

Before the court is a Motion to Dismiss or for Summary Judgment (Doc. 30) filed by Nurses Molli Lyles and Jennifer Johnson that attacks the only remaining claims, which are the federal constitutional claims against them. The motion was noticed for briefing,

but Plaintiff did not file any response. For the reasons that follow, it is recommended that the motion be granted and, because all claims are now resolved, a judgment be entered.

**Plaintiff's Allegations**

Plaintiff alleged, in his original and amended complaints (Docs. 1 & 12), that on July 29, 2022, he was an inmate worker in the kitchen at Bossier Max when boiling water ended up inside his rubber boot. Plaintiff alleged that it was the worst pain he ever experienced, and when his sock was removed the skin on his foot came off with it.

Nurse Jennifer Johnson was one of the persons who showed up to address the situation. Plaintiff alleged that, after Johnson took him to the infirmary by wheelchair, she put him in a bathtub and ran cool tap water onto the wound. He complained that this exposed him to bacteria that may have caused an infection that later developed. He contended that sterile techniques should have been the protocol from the beginning of treatment.

Plaintiff wrote that medical staff applied Silvadene cream and bandages. He asked multiple times to be taken to the hospital, but Nurse Johnson allegedly responded that they would keep him at the jail and see what the physician ordered when he arrived later that morning. Plaintiff was given Tylenol packets and taken back to his cell.

Plaintiff alleged that his leg swelled to double size, but the jail physician refused to send him to the hospital. On August 2, 2022, he allegedly awoke unable to breathe due to chest pains. An ambulance and paramedics were called, and a decision was made to take Plaintiff to the hospital. Plaintiff alleged that, at the hospital, he was diagnosed with cellulitis and extreme infection in his leg that had suffered second-degree burns. He

received morphine and Percocet pain killers, was prescribed two weeks of antibiotics, and was kept in the hospital for 16 days.

Plaintiff was eventually returned to the jail, and his wound healed. He filed a grievance, and the response from jail officials is attached to his complaint. The response asserted that Plaintiff admitted to making a false claim of chest pain to be sent to the hospital. On arrival, he was given vancomycin by IV, had a reaction to the medication, and developed nephrotoxicity and had to be hospitalized for two weeks due to that condition. The response also described Plaintiff's initial burn as self-inflicted.

**Pretrial Detainees and Medical Care**

"The Fourteenth Amendment guarantees pretrial detainees a right 'not to have their serious medical needs met with deliberate indifference on the part of the confining officials.'" Dyer v. Houston, 964 F.3d 374, 380 (5th Cir. 2020), quoting Thompson v. Upshur Cty., Tex., 245 F.3d 447, 457 (5th Cir. 2001). See also Williams v. City of Yazoo, 41 F.4th 416, 423 (5th Cir. 2022). Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind. Estelle v. Gamble, 97 S.Ct. 285, 291-92 (1976). A "plaintiff must show that the officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." Domino v. Tex. Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001), quoting Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir.1985).

Mere disagreement with the diagnostic measures or methods of treatment afforded by corrections officials does not state a constitutional claim for indifference to medical

needs. Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997). To succeed on a deliberate-indifference claim, a plaintiff must show that (1) the official was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," and (2) the official actually drew that inference. Domino, 239 F.3d at 755. "Deliberate indifference is an extremely high standard to meet." Id. at 756.

**Summary Judgment Analysis**

Lyles and Johnson argue that Plaintiff's complaint fails to state a plausible Fourteenth Amendment claim against them. The court will assume for the sake of argument that the complaint does state a claim and take up the defendants' alternative summary judgment challenge that squarely contests many of Plaintiff's key allegations.

Summary judgment for Lyles and Johnson is appropriate if they show that there is no genuine dispute as to any material fact and that they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). When the moving party makes such a showing, "[t]he non-moving party must then come forward with specific facts showing there is a genuine issue for trial." Washburn v. Harvey, 504 F.3d 505, 508 (5th Cir. 2007).

Lyles and Johnson each offer a declaration made under penalty of perjury pursuant to 28 U.S.C. § 1746. Such declarations may provide competent summary judgment evidence. Hart v. Hairston, 343 F.3d 762, 764 n.1 (5th Cir. 2003); Cooper v. Fisher, 676 Fed. Appx. 355, 357 (5th Cir. 2017). Each movant states that she is a licensed practical nurse (LPN) and began working for the Bossier Parish Police Jury in the medical unit at Bossier Max in 2019.

Nurse Lyles states that part of her job at the medical unit is to maintain inmate medical records. She attaches as an exhibit to her declaration Plaintiff's medical records for his stay at Bossier Max. She also includes a detailed and helpful summary of Plaintiff's medical history that is reflected by those records. That evidence shows that on July 29, 2022 Plaintiff spilled boiling water into his rubber boot while working in the kitchen. Another inmate assisted him in getting his boot off. Plaintiff then pulled off his sock, and a large layer of skin from his foot and ankle came with it. The guards on duty called the medical unit. Nurse Johnson reported to the kitchen with a wheelchair and brought Plaintiff to the medical unit.

Nurse Johnson states that she treated Plaintiff's injury with cool water, Silvadene cream, sterile bandages, and kerlix. Silvadene cream is a topical antimicrobial drug indicated for the prevention and treatment of wound sepsis in patients with second- and third-degree burns. Kerlix bandage rolls are gauze used to cushion and protect wound areas. Johnson states that she also gave Plaintiff ibuprofen and acetaminophen for use as needed.

Nurse Johnson states that she set Plaintiff for an evaluation by Dr. Vincent Lococo later that morning. Dr. Lococo is a medical doctor who contracts with the police jury to provide medical services to inmates. The nurses state that Dr. Lococo evaluated Plaintiff the same morning of the injury, diagnosed a second-degree burn, and instructed medical staff to change Plaintiff's dressings daily and administer Silvadene cream. Plaintiff's wound was inspected and cleaned in the medical unit by another nurse on July 30 and July 31, 2022.

Nurse Johnson saw Plaintiff again on August 1, 2022. She inspected the wound, cleaned it, applied Silvadene cream, and wrapped the wound with sterile bandages and kerlix. She noted edema (swelling) to the toes and above the wound area and recorded a referral to Dr. Lococo. Plaintiff complained of pain later that same day, and he was seen by another nurse who tended to his wound, gave him medication, and set him for a visit with Dr. Lococo the next morning.

On August 2, 2022 at about 4:00 a.m., Plaintiff complained of chest pains. EMTs were called, and Plaintiff told them that he was not actually suffering from chest pains but did not like how his injury was being treated by the medical unit. He was taken by ambulance to Willis Knighton Bossier Health Center, where he was hospitalized for about two weeks. Medical records from that stay, according to Nurse Lyles, show that Plaintiff was treated for vancomycin nephrotoxicity, a result of the vancomycin (an antibiotic) he received only at the hospital. He was also treated for cellulitis.

Plaintiff returned to Bossier Max on August 16, 2022. Nurse Johnson assessed and treated his burn wound on August 16, 17, 21, 26, and 30, 2022. This generally included cleansing the wound, applying wound gel, and wrapping the wound in sterile dressing. Plaintiff was transferred out of Bossier Max on October 31, 2022, and his wound had healed to the point where it was not even noted in the list of his "medical diagnoses" in his paperwork. Nurse Lyles and Nurse Johnson state in their declarations that they did not ignore Plaintiff's complaints or refuse to treat matters related to the burn on his leg. Rather, they provided appropriate medical treatment.

Plaintiff did not file any opposition to Lyles' and Johnson's motion, so there is no competing summary judgment evidence. "Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegation of deliberate indifference." Irby v. Hinkle, 2023 WL 2524447, *4 (5th Cir. 2023), quoting Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995). These movants present such medical records, as well as their detailed declarations about the extensive care they afforded Plaintiff at Bossier Max. Given the uncontested summary judgment evidence, no reasonable factfinder could conclude that the actions of Lyles or Johnson amounted to deliberate indifference to a serious medical need. The evidence reflects that each nurse rendered prompt and reasonable care that does not come close to the level of a constitutional violation. Each nurse is entitled to summary judgment with respect to all remaining claims against her.

When there are multiple claims against multiple parties, entry of a judgment is appropriate when the last of those claims has been resolved. The recommended relief will resolve the final claims in this case, so the entry of a judgment is now appropriate. Fed. R. Civ. Pro. 54 (a judgment is a decree or order from which an appeal lies); Bader v. Atl. Int'l, Ltd., 986 F.2d 912, 914–15 (5th Cir. 1993) (a judgment is final and allows an appeal when it adjudicates all claims, rights, and liabilities of all the parties); Williams v. Seidenbach, 958 F.3d 341, 343 (5th Cir. 2020) (en banc) ("in a suit against multiple defendants, there is no final decision as to one defendant until there is a final decision as to all defendants.").

Accordingly,

It is recommended that the Motion to Dismiss or for Summary Judgment (Doc. 30) filed by Nurses Molli Lyles and Jennifer Johnson be granted and that all federal law claims against those two defendants be dismissed with prejudice.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 25th day of September, 2023.

Mark L. Hornsby
U.S. Magistrate Judge